# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

MINE SAFETY APPLIANCES ) 
COMPANY, )
)
       Plaintiff, )
)
       v. ) C.A. No. N10C-07-241 MMJ
)
AIU INSURANCE COMPANY, et al., )
       Defendants. )
)

Submitted: September 16, 2014
Decided: September 19, 2014

Upon Defendant AIG Insurers' Exceptions to the September 12, 2014 Ruling of
the Special Discovery Master
**DENIED**

## ORDER

**JOHNSTON, J.**

On December 9, 2013, Defendants American Home Assurance Company, AIU Insurance Company, and National Union Fire Insurance Co. of Pittsburgh, PA (collectively "AIG") filed a motion for commissions in this Court seeking the issuance of Pennsylvania subpoenas directed to Michael H. Sampson, Esquire, and Brian T. Himmel, Esquire ("Witnesses") in the Pittsburgh office of Reed Smith LLP.

On January 8, 2014, Plaintiff Mine Safety Appliances Company ("MSA") filed a cross-motion for a protective order against the issuance of the commissions. Following full briefing and oral argument, the Special Discovery Master ("Special Master") issued a ruling on April 17, 2014 ("April 17 Ruling"), granting AIG's motion for the issuance of commissions, and denying MSA's cross-motion for a protective order. On June 30, 2014, this Court denied MSA's exceptions to the Special Master's April 17 Ruling and approved the ruling in its entirety.

On July 28, 2014, AIG petitioned the Court of Common Pleas of Allegheny County, Pennsylvania to issue subpoenas to the Witnesses directing them to provide deposition testimony and to produce various categories of documents. On August 12, 2014, the Witnesses filed a motion to quash the subpoenas in the Pennsylvania court. The Pennsylvania motion to quash is scheduled to be heard on September 26, 2014.

On August 18, 2014, AIG filed a Motion for Order Compelling Discovery and for Sanctions against MSA Pursuant to Superior Court Rules 26 and 37 in this Court. MSA opposed the motion, and after briefing, oral argument was presented to the Special Master on September 11, 2014.

On September 12, 2014, the Special Master issued a Ruling ("September 12 Ruling") that denied AIG's motion to compel discovery and for sanctions. In the September 12 Ruling the Special Master concluded: (1) under the principles of

2

comity, the Pennsylvania version of the Uniform Interstate Depositions and Discovery Act ("UIDDA") governs a motion to quash that is filed in Pennsylvania; and (2) Delaware Superior Court Civil Rule 26(c) supports UIDDA's governance.

On September 15, 2014, AIG filed Exceptions to the Special Master's September 12 Ruling. In its Exceptions, AIG asserts the Special Master: (1) did not properly interpret and apply Rule 26(c); (2) did not consider that the files in possession of the Witnesses are MSA's documents; and (3) did not address AIG's request for sanctions.

In response, MSA argues that the Special Master correctly interpreted Rule 26(c), and that MSA should not be subject to sanctions because MSA did not violate the Court's June 30, 2014 Order.

The Order of Reference to Special Master, dated December 5, 2012, establishes the Court's proceedings when a party files an exception to a decision of the Special Master during the course of this litigation. The Court reviews *de novo* the Special Master's Ruling.[1]

As to AIG's Exceptions, the Court finds that the principles of comity require that the Pennsylvania version of the UIDDA governs the motion to quash filed in Pennsylvania. As reasoned by the Special Master in the September 12 Ruling, discovery sought pursuant to commissions is governed by the laws of the discovery

---

[1] Trans. ID 48202156

state. As a result, a Delaware court should refrain from controlling the disposition of out-of-state subpoenas because, presumably, courts in other states would respect Delaware's right under the UIDDA to adjudicate the matters concerning subpoenas issued to Delaware residents.

The Court also approves the Special Master's reliance on *Capital Resources, LLC, et al. v. Chelda, Inc., et al.*[2] Although *Capital Resources* is not binding in Delaware, the Court finds the rationale of the Court of Appeals of North Carolina to be directly aligned with applicable Delaware law.

The Court also finds that the Special Master properly interpreted Rule 26(c) in the September 12 Ruling. The ordinary meaning of the word "alternatively" in Rule 26(c) refers to a scenario, as is the case here, where a Delaware court does not have jurisdiction over a deponent, thus leaving matters related to the deposition within the powers of the court where the deposition is to be taken. As explained by the Special Master, this Court fully performed its proper function by ruling on the motion for commission and the cross-motion for a protective order that preceded the Pennsylvania subpoenas.

While AIG's interpretation of Rule 26(c) is not unreasonable, AIG was unable to cite any Delaware case law affirming the "one or the other" approach to Rule 26(c). Conversely, the Special Master concluded MSA was permitted to

---

[2] 735 S.E. 2d 203, 207 (N.C. Ct. App. 2012).

4

oppose AIG's motion for commissions as evidenced by a prior case before this Court and the two-step process contemplated by Rule 26(c).[3]

The Court also finds that the documents in the possession of the Witnesses do not have to be turned over to AIG. As the Special Master stated in a footnote, such an order would interfere with the pending motion in Pennsylvania under the same principles of comity as discussed for the motion to quash. Further, the Court finds that MSA did not violate this Court's June 30, 2014 Order because MSA was not required to take any affirmative action. The relief AIG sought at that time was the issuance of commissions to be given the opportunity to depose the Witnesses. At no point did AIG seek relief against MSA concerning the documents held by the Witnesses. Thus, MSA could not have violated the Order.

Finally, the Court finds that AIG's request for sanctions should be denied. AIG contends they should be entitled to recoup all expenses associated with opposing MSA's January 8, 2014 cross-motion for a protective order. In support of this request AIG cites the Special Master's language that MSA may be "seeking to render a practical nullity all the effort and expense that the Court and parties devoted to addressing MSA's opposition to the depositions in Delaware." However, AIG overlooks the language directly succeeding that statement where

---

[3] *See, e.g., Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,* 2008 WL 498743, at *6 (Del. Super.) (denying motions for commissions due to lack of responsive documents or knowledgeable witnesses).

5

the Special Master confirms that despite AIG's contentions, the Witnesses are entitled to seek a motion to quash in Pennsylvania under both Pennsylvania and Delaware law. As a result, the Court does not find that sanctions are warranted given that MSA and the Witnesses have chosen to exercise their independent rights to challenge the issuance of the commissions and the Pennsylvania subpoenas.

The Court finds that the Special Master carefully considered all issues raised by the parties. The September 12, 2014 Ruling is consistent with applicable legal precedent and the Delaware Superior Court Civil Rules. This Court is not persuaded by any exceptions to the ruling. Upon *de novo* review, the Court finds the Special Master's ruling **--** denying the motion to compel discovery and for sanctions **--** to be well-reasoned.

**THEREFORE**, the Special Discovery Master's September 12, 2014 Ruling is hereby **APPROVED**. All exceptions are hereby **DENIED**.

**IT IS SO ORDERED.**

/s/_

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston

6